**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID JOHNSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 12-cv-08594 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Preston Robinson is a convicted sex offender required by the Illinois Sex Offender Registration Act ("SORA"), 730 ILCS 150 *et seq.*, to register his current address and other identifying information with local law enforcement officials. Failure to comply with SORA's requirement is a felony under Illinois law. 730 ILCS 150/10. The statute provides that a person required to register shall pay an initial registration fee of $100 and a $100 annual renewal fee to the registering law enforcement agency. Robinson claims that he did not have $100 when he tried to register in January 2012, that the City of Chicago Police Department would not allow him to register without payment, would not accept partial payment, and did not give him an application for a waiver of the fee. Robinson asserts that as a result, he was in violation of SORA's registration requirements and jailed for that offense in June 2012. In the claim at issue here, he alleges that the refusal to allow him to register deprived him of a protectable liberty interest without due process of law in violation of his rights under the Fourteenth Amendment to the United States Constitution. Now before the Court is Defendant City of Chicago's motion for summary judgment on that claim. For the reasons detailed below, the City's motion is denied.

# BACKGROUND

The parties do not dispute that Preston Robinson is a resident of Chicago who has been convicted of a sexual offense that requires him to register under SORA. (Pl.'s Resp. to Def.'s Stmt. of Undisputed Facts ¶ 1, Dkt. No. 163.) He was therefore required to register in person at the location designated by the Superintendent of the Chicago Police Department and to give information including his current photograph, address, telephone number, and place of employment. 730 ILCS 150/3(a). SORA provides that a person required to register shall pay to the registering agency an initial registration fee of $100 and an annual renewal fee of the same amount. 730 ILCS 150/3(c)(6). The registering agency "may waive the registration fee if it determines that the person is indigent and cannot pay the registration fee." (*Id.*) The statute provides that failure to comply with its requirements is a felony. 730 ILCS 150/10.

Robinson registered as required by the statute in January 2011 and received a waiver of the $100 fee. (Pl.'s Resp. to Def.'s Stmt. of Undisputed Facts ¶ 12, Dkt. No. 163.) When he attempted to renew his registration in January 2012, he had only $40 and asked the registering officer if he would accept that amount and a payment plan for the remainder. (*Id.* ¶ 19.) The officer would not accept the partial payment and told Robinson that he needed to pay the full $100 fee within a few days or be subject to arrest. (*Id.* ¶ 20.) Robinson returned the next day and was again told that he had to pay the full fee to register. (*Id.* ¶ 22.) At his deposition in this matter, Robinson testified that he was told that no waiver form was available and "they wouldn't get one." (Robinson Dep. at 72: 22-24, Dkt. No. 159-2.) Robinson was arrested on June 12, 2012 for failure to report as required by SORA; he was subsequently acquitted and released from custody in January 2013. (Pl.'s Resp. to Def.'s Stmt. of Undisputed Facts ¶ 12, Dkt. No. 163.)

Robinson joined five other plaintiffs in bringing this action. In the single claim at issue here, he seeks to impose liability upon the City under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment due process rights by prohibiting his registration without payment of the fee. Now before the Court is the City's motion for summary judgment on Robinson's claim.[1]

## DISCUSSION

Summary judgment is proper where the admissible evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Hanover Ins. Co. v. N. Bldg. Co.*, 751 F.3d 788, 791 (7th Cir. 2014). A "material fact" is one identified by the substantive law as affecting the outcome of the suit. *Id.* A "genuine issue" exists with respect to any such material fact, and summary judgment is therefore inappropriate, when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* In determining whether a genuine issue of material fact exists, the Court views the record in the light most favorable to the nonmoving party. *Id.*

The Court assesses a procedural due process claim using a two-part analysis. First, the Court must determine whether the plaintiff was deprived of a constitutionally protected liberty or property interest. If so, the Court next assesses how much process was due. *Leavell v. Ill. Dep't of Natural Res.*, 600 F.3d 798, 804 (7th Cir. 2010). Here, the City asserts that Robinson does not claim an interest protected by the Due Process Clause; that even if he had any such interest, his rights were not violated because sufficient process was available to him; and that he has not identified a basis for the imposition of municipal liability under § 1983.

In contending that Robinson suffered no infringement upon any interest protected by the Due Process Clause, the City construes his claim as an assertion of a right to pay the registration fee in installments, to be informed of procedures for a fee waiver, or to receive a waiver. As this

---

[1] Other parties and claims have been resolved previously or were not addressed by the City's motion.

Court and its predecessor observed in reviewing the claims of Robinson's co-plaintiffs, SORA's delegation of the fee waiver decision to the discretion of local law enforcement officials left the prospect of the waiver too uncertain to create a protectable due process property interest. (July 22 2014 Order at 3, Dkt. No. 139 (citing *Pleva v. Norquist*, 195 F.3d 905, 915 (7th Cir. 1999)); July 22, 2013 Op. at 13, Dkt. No. 96.) The Court adheres to the view that Robinson cannot assert a right to any specific fee waiver procedure or result.

But Robinson's claim is not limited to the waiver process; he also contends that he was not permitted to register because he was unable to pay the fee, that he was not able to contest the collection of the fee "as a condition to being registered," and that he was incarcerated because of his failure to register. (Second Am. Compl. ¶¶ 81–83, 85h, Dkt. No. 61.) The strict criminal liability imposed by SORA for a failure to register implicates a liberty interest protected by the Due Process Clause. *Beley v. City of Chicago*, No. 12 C 9714, 2015 WL 684519, at *2–3 (N.D. Ill. Feb. 17, 2015); *Saiger v. City of Chicago*, 37 F. Supp. 3d 979, 984 (N.D. Ill. 2014); July 22, 2013 Op. at 16, Dkt. No. 96.

The City argues that the proper remedy for any infringement of that interest caused by the refusal of his registration attempt for lack of the $100 fee is a challenge to the constitutional validity of SORA itself, since the registration officer was merely "following the state law." (Def.'s Mem. at 7, Dkt. No. 158.) The City does not explain the basis for its presumption that the registration and renewal fees required by SORA are established by the statute as a precondition of registration. And SORA's language offers no such basis. It provides: "The person shall pay a $100 initial registration fee and a $100 annual renewal fee to the registering law enforcement agency having jurisdiction. The registering agency may waive the registration fee if it determines that the person is indigent and unable to pay the registration fee." 730 ILCS 150/3(c)(6). The

offender's obligation to register within the stated time period is clear; the offender's obligation pay the stated fees is also clear; but that law enforcement agencies are to reject the offender's registration attempts until after the fees are paid is not clear.

Indeed, preventing offenders from registering due to failure to pay the fee appears to be inconsistent with SORA's purposes. "By requiring sex offenders to register with local law enforcement agencies, the legislature sought to create an additional method of protection for children from the increasing incidence of sexual assault and sexual abuse." *People v. Cornelius,* 821 N.E.2d 288, 298 (Ill. 2004) (internal citations and quotation omitted). "The Registration Act was designed to aid law enforcement agencies in allowing them to monitor the movements of the perpetrators by allowing ready access to crucial information." *Id.* The City itself asserts that its goal in administration of SORA registrations "is not to maximize its revenue from sex offender registrations," but rather "to register, not to arrest or incarcerate anyone." (Def.'s Stmt. of Additional Facts ¶ 2, Dkt. No. 166.) The City further concedes that if it is aware of an individual who is required to register but has not done so in two years, it will register that person because its "purpose is to register." *Id.*

The statute and its goals thus appear to permit—if not require—the City to accept the registration of a covered individual despite his failure to pay required fees. The Court expresses no view on the propriety or effectiveness of available methods for the City to collect fees owed by those who have been denied fee waivers if they are allowed to register without payment. At this stage, the issues presented are whether Robinson has produced sufficient evidence to present to the jury that he had a due process liberty interest infringed by the rejection of his registration attempt and whether he may seek redress from the City rather than attacking the validity of the statute. The record dictates an affirmative response to both questions.

The City next contends that, even if Robinson did have an interest protected by due process, his rights were not violated because state law gave him a constitutionally adequate remedy: review in the Circuit Court of Cook County via a common law writ of *certiorari*. The City asserts that the writ is a commonly available method of review of administrative decisions under Illinois law.

The evidence presented does not demonstrate as a matter of law the adequacy of that remedy to protect Robinson's asserted liberty interest, however. Where a plaintiff alleges that a deprivation of a protected due process interest is pursuant to an established procedure rather than a random, unauthorized action, a pre-deprivation remedy is required. *Schepers v. Comm'r, Ind. Dept. of Corr.*, 691 F.3d 909, 916 (7th Cir. 2012); *Leavell*, 600 F.3d at 804–05. A satisfactory due process remedy cannot be meaningless or non-existent. *Belcher v. Norton,* 497 F.3d 742, 751–52 (7th Cir. 2007). Under Illinois law, *certiorari* is a discretionary writ, not a matter of right. *Stratton v. Wenona Cmty. Unit Dist. No. 1*, 551 N.E.2d 640, 646 (Ill. 1990). The City cites no evidence or authority demonstrating the writ's utility in reviewing police decisions such as those alleged here before those decisions produce incarcerations and criminal convictions. As discussed below, Robinson has presented evidence of an established policy of turning away offenders who appear for registration that would trigger a right to a pre-deprivation remedy. The City has not shown that *certiorari* review would have had meaningful impact before the deprivation alleged here. Thus, it cannot be determined as a matter of law that the writ offered Robinson a constitutionally adequate pre-deprivation remedy.

The City's final contention is that Robinson has failed to produce sufficient evidence to submit his claim of municipal liability to a jury. A municipality is subject to liability under § 1983 for a constitutional violation only if the plaintiff establishes that the violation was caused

by official policy. *Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012). Official policy may established by a showing of (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *Id.* at 834. Here, the City does not dispute that in the same month of Robinson's failed registration attempt at least 18 people were similarly denied the opportunity to register as required by SORA because they lacked the registration fee. (Def.'s Resp. to Pl.'s Stmt. of Additional Facts ¶ 23, Dkt. No. 166.). The Court concludes that this is sufficient evidence to permit a jury to find either an express policy to deny registrations without fee payments or a widespread practice that produced an equivalent result.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. No. 156) is denied.

ENTERED:

Dated: September 30, 2016

Andrea R. Wood
United States District Judge